## STEVENS v CHAPMAN

Ohio Appeals, 4th Dist, Brown Co
Decided June 2, 1930

Powell & Powell, Columbus, for Stevens.
Bagby & Bagby, Georgetown, for Chapman.

MAUCK, J.

The defendant in error has filed a motion to strike the bill of exceptions from the files. He claims that the bill of exceptions should have been filed within forty days after November 30, 1929, when the judgment was entered, and relies upon **Wells v Wells, 105 Oh St 471.** As against that authority the plaintiff in error submits an excerpt from the unpublished opinion of the Court of Appeals of Lake County in **Minadeo v Minadeo.** The substance of this opinion is that **Wells v Wells** is limited in its application to cases not triable by jury, and that in jury cases the defeated party has a statutory right to file a motion for new trial within three days after the finding against him, and that in jury cases the forty day period does not begin to run until the overruling of such a motion. This, of course, is a jury case. If we should decline to follow **Minadeo v Minadeo** we would be obliged upon striking the bill of exceptions from the files to certify the case to the Supreme Court, thus, as we view it, unnecessarily prolonging this litigation. Without giving the question, therefore, the consideration that we would otherwise bestow upon it we overrule the motion because, eventually we must come to a conclusion equally satisfactory to the defendant in error.

The only question raised by the record upon the merits of the case is whether or not the judgment of the trial court is sustained by the weight of the testimony or by any testimony at all. The payee, The Brenard Manufacturing Company, is a partnership in Iowa consisting of two perfectly solvent men. They send out agents to sell radios and two of those agents visited Chapman, the defendant. Chapman's testimony is uncontradicted and shows conclusively that his signature to the notes sued upon was obtained by fraud and that he would have a perfect defense if this action were brought by the payee of the notes. As against that fraud Stevens seeks shelter behind the rule affording protection to an innocent purchaser who acquires a negotiable instrument before due for value without knowledge of any defense thereto.

The testimony develops an unusual course of business to have existed between the payees of this note and Stevens. Stevens describes himself as a lawyer and investor. At one time he seems to have been active in the defense of those who had had occa-

sion to complain of the circumstances under which they had signed notes to this payee. In May, 1926, Stevens and the payee entered into some general understanding by which the latter would sell Stevens notes acquired by the payee in its business. The payee would take a bunch of notes to a bank in Iowa City, where they would be received by Louis Kenyon, an employe of the bank. This employe would somehow get a check from Mr. Stevens for the face of these notes, less a discount, payable to the payee. Mr. Stevens would not even see the notes. Mr. Kenyon would keep these notes so claimed to be bought by Mr. Stevens and would undertake to collect them thru the bank. When they were paid into his bank the remittance would be deposited in the name of "F. L. Stevens, Brenard Manufacturing, Company note account," and even when the notes were collected by the payee itself it would take such collection to the same bank and put it in the same account. The partners constituting the partnership payee, as before indicated, were perfectly solvent and the partnership endorsed the notes. In addition the payee paid all the expense of collection, Stevens being required to have the collections made thru an attorney indicated by the payees and paid by them. In the instant case the record shows that Stevens secured the notes sued on, with enough others amounting to a little over $4,000 face value, at about eighty per cent of their face value. Their terms averaged three months. So by this curious and involved arrangement the payees were paying Stevens about forty eight per cent for the use of the money, assuming the payment of the notes at maturity, and in addition were guaranteeing him against any loss and were paying all the expenses. All that Stevens had to do was to sign his name to a check. He made no investigation regarding the makers of the notes and was put to no effort in the collection of the same. Moreover, his bank account seemed to be a revolving one and he took no assignments for new notes except as his account was replenished by the proceeds of the collections on the older ones.

Mr. Stevens was on the witness stand. It might have been very interesting to have examined his bank account and ascertained what if any of the proceeds thereof had been diverted to the payees, or whether or not the payees had established the account in the beginning. Mr. Stveens refused to permit any of his accounts to be examined and refused to give any information regarding the same or to permit the bank to do so. He refused to disclose the information, if any, that had come to him regarding the character of the business done by the payee as developed in the defense made to other notes upon which he had had to bring suit. Notwithstanding the very unusual circumstances surrounding his methods of business he absolutely refused to shed any light upon the situation. It is not worth while to detail the various questions along this line which he refused to answer. It is enough to say that the circumstances were not those that ordinarily surround business transactions made in good faith, and that he refused to give any pertinent information designed to develop the whole truth. The trial court found against him. There was some evidence warranting that finding.

We can not reverse this judgment unless we find that the judgment of the trial court was manifestly against the weight of the evidence for the finding of the trial court is protected against reversal by the same rules that protect a finding by a jury. We are not only satisfied that the judgment of the trial court is not clearly wrong but we are constrained to say affirmatively that it is right. In McCurdy v Stevens, 30 Oh Ap 545, the Court of Common Pleas of Hamilton County seems to have considered this same sort of a case brought by the identical Stevens that we have in this case on negotiable instruments acquired by him from the identical payee. We are in accord with that opinion and follow it and the authority cited by it in affirming this judgment.

MIDDLETON, PJ, and BLOSSER, J, concur.